PALATINE INSURANCE COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2446. Promulgated October 23, 1944.

*Edward S. Coons, Jr., Esq.,* for the petitioner.
*Ellyne E. Strickland, Esq.,* for the respondent.

OPINION.

Opper, *Judge*: A deficiency in the amount of $2,069.18 in income tax for the year 1939 is contested by petitioner. The question raised is the correct amount of the deduction on account of home office expense and British income tax which may be taken by petitioner. a foreign insurance company, other than life or mutual, doing business in the United States.

The facts are all established by a stipulation, the principal part of which reads as follows:

I.

The petitioner is a foreign corporation, organized and existing under the laws of Great Britain. During the year 1939 it was engaged in the fire insurance business in the United States, maintaining its principal United States office in New York City; and it was engaged in the fire and accident insurance business at one or more places outside the United States. In 1939 the petitioner was subject to United States income tax as an insurance company other than life or mutual as defined in Section 204 of the Internal Revenue Code.

II.

In connection with the transaction of its fire insurance business, and with the investment of funds relating thereto, the petitioner incurred ordinary and necessary business expenses of £8,617 in 1939 at its Home Office in London, England, which were connected with its income from sources within the United States but could not definitely be allocated thereto. The total gross income of the petitioner's fire department was $2,074,036.15, which included all income from sources within the United States. Its gross income from sources within the United States was $1,051,202.15 or $1,005,131.53 or some intermediate figure, depending upon the correctness of including therein (1) $11,665.03 of interest allowable as a deduction by section 204 (c) (7) of the Internal Revenue Code, (2) $16,811.53 of interest allowable as a credit by section 204 (a) (2) (A), and (3) $17,594.06 allowable as a credit for dividends by section 204 (a) (2) (B). The respondent allowed the petitioner a deduction of $16,524.20 for unallocable Home Office expenses, computed by applying to £8,617 (converted at $3.956944) the ratio of $1,005,131.53 to $2,074,036.15. The parties are agreed that the respondent's computation was correct if none of the items described in (1), (2) and (3) above was properly includible in gross income from sources within the United States for purposes of computing the applicable ratio. Otherwise, upon the Court's determination that one or more of such items was properly includible, the parties will agree upon the amount of the deduction.

III.

In 1939 the petitioner was subject to standard British income tax at the rate of 42½ per cent, and to National Defence Contribution at the rate of 5 per cent, upon its income and profits from all sources, including its income from sources within the United States. It incurred a liability in 1939 of £18,111 for such taxes, which was connected with its income from sources within the United States but could not definitely be allocated thereto. The petitioner's total gross income in 1939 was $2,445,593.20, which included all income from sources within the United States. Its gross income from sources within the United States was as stated in paragraph II hereof.

In determining the petitioner's allowable deduction for British income taxes, the respondent made two separate calculations as follows:

(1) he applied to £18,111 the ratio of $1,005,131.53 to $2,445,593.20, arriving at a result of $29,455.49, as shown on page 5 of Exhibit "B" hereinafter referred to and made a part hereof; and

(2) he computed an allowance of $18,406.12 in the manner set forth under the heading "Limitation" on page 6 of said Exhibit "B".

In determining the deficiency the respondent allowed the deduction of $18,406.12 for British income taxes.

It is agreed that, if it should be decided that the deduction for British income taxes allowable to the petitioner is determinable on the ratio basis without any limitation, then the petitioner is entitled to a deduction of $29,455.49, in accordance with the calculation described in (1) above, unless the Court also determines that one or more of the items of interest and dividends described in paragraph II hereof is properly includible in the petitioner's gross income from sources within the United States for ratio purposes, in which latter event the parties will agree on the amount of the deduction.

It is further agreed that, if it should be decided that the limitation applied by the respondent is proper, the petitioner is entitled to a deduction of but $18,406.12, in accordance with the calculation described in (2) above, unless the Court also determines that in the computation of such amount it was error to reduce United States income by one or more of the items of interest and dividends described in paragraph II hereof, in which latter event the parties will agree on the amount of the deduction.

Respondent in the deficiency notice determined the amount of British income tax excessively deducted to be in the amount of $10,618.06, computed as follows:

LIMITATION

| | | |
|---|---:|---:|
| Net Income per income tax return | | $25,537.27 |
| Add: | | |
| British income tax reflected therein | | 29,024.18 |
| Missouri return premiums | | 22,771.92 |
| | | $77,333.37 |
| Add Federal income tax | | 9,617.81 |
| | | $86,951.18 |
| Less: | | |
| Increase in H. O. Expenses | $316.13 | |
| Tax Free Interest | 28,476.56 | |
| 85% of Dividends | 17,594.06 | |
| | | 46,386.75 |
| Net income | | $40,564.43 |
| National Defense Contribution at 5% | | 2,028.20 |
| Amount subject to British tax at 42½% | | $38,536.23 |
| British tax | | 16,377.90 |
| Add N. D. C. | | 2,028.22 |
| British Income Tax and N. D. C. on basis of limitation | | $18,406.12 |
| Tax deducted | | 29,024.18 |
| Difference | | $10,618.06 |

We find the facts to be as stipulated.

Petitioner, a foreign insurance company doing business in the United States, claims that the deduction on account of home office expense and British income tax to which it is entitled is that proportion of the total amount which gross income received from sources in the United States bears to its entire gross income. It recognizes, however, that this treatment is contrary to the principle announced in *London & Lancashire Insurance Co., Ltd.*, 34 B. T. A. 295; *Royal Insurance Co., Ltd.*, 38 B. T. A. 955, and *Commercial Union Assurance Co., Ltd.*, 1 T. C. 1166; affirmed on this issue (C. C. A., 2d Cir.), 144 Fed. (2d) 994; and its present position is that, without waiving the issue, it "is content not to ask the Court for further reconsideration of the merits of this question in the instant case." On the authority of the decisions cited, respondent's action is accordingly approved to the extent that the deductions mentioned are to be computed by using as the numerator of the fraction of ratio only gross income from sources within the United States which is taxable under domestic revenue legislation and excluding nontaxable interest and 85 percent of domestic dividends.

The second question, however, also involves the extent to which the British tax is deductible. Having employed the ratio just prescribed, respondent made a further computation, applying to petitioner's net taxable income under the domestic revenue law the rate prescribed for the British tax, and then reduced to that figure the higher deduction resulting from the ratio formula. This procedure is the subject of a ruling [1] which refers to a decision of the Court of Claims approving similar action in a previous instance. *Union Assurance Society, Ltd.* v. *United States*, 48 Fed. Supp. 665.

We do not consider it necessary to pass upon the validity of such action in all situations. It is sufficient to note here that the practice is not only unspecified in the statutory authorization,[2] but that no reference to it appears in respondent's regulation. There the method of determining the "ratable" portion of a deduction is declared to be "based upon the ratio of gross income from sources within the United States to the total gross income." Regulations 103, sec. 19.119–10. This situation is recognized in respondent's brief, which states:

[1] I. T. 3643, Internal Revenue Bulletin, 1944–4–11636, Feb. 25, 1944.
[2] Internal Revenue Code, sec. 119 (b)—

"SEC. 119. INCOME FROM SOURCES WITHIN UNITED STATES.

\* \* \* \* \* \*

"(b) NET INCOME FROM SOURCES IN UNITED STATES.—From the items of gross income specified in subsection (a) of this section there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States."

It will be seen that only one method is prescribed in the Regulations for the determination of deductions allowable in connection with unallocable expenses[3] and taxes paid to a foreign country, and that is to use a ratio of United States gross income to total gross income. There is no express provision for the use of any limitation, or the use of the limitation or the apportioned figure, whichever is lower.

The present action of the respondent accordingly fails to rise to the dignity of conduct prescribed by regulations of a general effect. We view it as susceptible of examination and inquiry to disclose whether it appears to be justified by the facts giving rise to the specific controversy.

So far as appears, the only circumstance which makes the so-called "limitation" effective in the situation before us, that is, the only reason why the application of the British tax rate to United States income gives a smaller figure than the apportionment computation, is that a part of petitioner's income was from sources exempt under domestic tax law but taxable in Britain. This is apparent in theory from the method of computation employed, and, in practice, petitioner asserts, without contradiction, that the British rate applied to its gross income, including exempt items, gives an actual figure for the British tax of some $10,000 in excess of the amount it claims.

From this it seems manifest, on the one hand, that the true purpose of this part of the computation has been lost sight of by respondent, for we are endeavoring here to give effect to the tax actually paid to the British Crown, and this concededly was imposed on petitioner's total income from United States sources, including the items exempt under our law; and that, on the other hand, respondent is unnecessarily seeking to limit petitioner's deduction in respect of a consideration already given effect, the failure to pay a United States tax on the exempt income having been adequately discounted in arriving at the fraction by which the deductible portion of the tax is computed.

Whatever may be the necessity of applying the limitation in other situations, it thus seems to be inappropriate here. In *Union Assurance Society* v. *United States, supra,* the court thought it "proper that some limitation should be placed upon the amount of foreign taxes paid by a member of a consolidated group which that member may deduct from income received from sources within the United States." In his brief respondent expresses concern "that a foreign corporation doing business in the United States and in other countries and receiving a substantial income from sources within the United States might sustain losses from its operations elsewhere to such an extent that to determine deductions on a strictly ratable basis would result in an unreasonable apportionment thereof, and might even offset the United

---

[3] It is stipulated as a fact that the British income tax "was connected with its income from sources within the United States but could not definitely be allocated thereto."

States income completely, with the result that no tax whatever would be paid to the United States." As we have seen, neither of these situations appears to create the present result, and there is no claim that the existence of the partly tax-exempt income has not been effectively taken into account in the formulation of the ratio fraction. If the mere exclusion of nontaxable income were automatically and universally to be the occasion for imposing the limitation formula, it would seem that the necessary factual support must have been present also in the *London & Lancashire, Royal Insurance,* and *Commercial Union* cases, *supra,* and in that event the result reached there would have to be viewed as incorrect, an effect which we do not understand respondent to suggest. Even assuming, therefore, that the proposed additional "limitation" has its justification [4] in other circumstances,[5] a question we need not now decide, it seems to us that respondent has failed to show the necessity of the present departure from the general practice prescribed in his own regulations, and hence that it is unwarranted and improper as applied to the present facts. To this extent, the deficiency is disapproved.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[4] It may be noted in passing that even the ruling above cited (footnote 1) is by its terms effective "for the year 1941 and subsequent taxable years," while the year in controversy here is 1939.

[5] In *Union Assurance Society* v. *United States,* the statement is made that: "The Commissioner has applied the limitation only to foreign insurance companies that are members of consolidated groups * * *."